577 P.2d 741

**Alfredo Rodriguez ORTEGA, Appellant,**

v.

**John HOLMES, Superintendent, Arizona State Hospital, John Moran, Director, Arizona State Department of Corrections, Harold Cardwell, Warden, Arizona State Prison and the State of Arizona, Appellees.**

**No. 2 CA–CIV 2682.**

Court of Appeals of Arizona, Division 2.

April 5, 1978.

---

Platt & Jenson, P. C. by Dennis D. Jenson, Coolidge, for appellant.

John A. LaSota, Jr., Atty. Gen. by Robert F. Ellig, Asst. Atty. Gen., Phoenix, for appellees.

## OPINION

HOWARD, Judge.

This is an appeal from the trial court's denial of appellant's petition for a voluntary transfer to the Arizona State Hospital. Appellant has raised only one issue on appeal but has asked us, pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) to review questions which he presented in the trial court. We shall discuss the issue which has been presented and briefed, but we decline to review the other issues since this is a civil case and *Anders* only applies to criminal prosecutions.

Appellant moved in the trial court for an order permitting him to copy and inspect his master file which the department of corrections must maintain under A.R.S. Sec. 31–221. The trial court denied the motion and appellant contends this denial constituted prejudicial error. A.R.S. Sec. 31–221(D) states:

"No inmate shall have access to such files or assist in the preparation or reproduction of reports contained in such files."

Appellant does not question the public policy behind the privilege granted by the statute. Instead, he contends that the result

was to deny him "effective cross-examination" and effective assistance of counsel in violation of the United States Constitution. We do not agree. The Sixth Amendment to the United States Constitution guarantees him the right of confrontation and assistance of counsel in *criminal* prosecutions. This was not a criminal prosecution.

■ Appellant apparently also contends that these rights were protected under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. As far as the right to confront and cross-examine witnesses is concerned, it has been held to be a fundamental aspect of procedural due process in cases other than criminal prosecutions. See *Jenkins v. McKeithen*, 395 U.S. 411, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969) and cases cited therein and see also *Goldberg v. Kelly*, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970). Appellant has not, however, directed us to any authority for the proposition that the grant of a statutory privilege under the facts of this case violates one's right to confrontation and cross-examination under the due process clause of the Fifth and Fourteenth Amendments of the Constitution of the United States and our independent research has not revealed any such cases.[1]

The judgment and order is affirmed.

RICHMOND, C. J., and HATHAWAY, J., concurring.

1. *Davis v. Alaska*, 415 U.S. 308, 94 S.Ct. 1105, 39 L.Ed.2d 347 (1974), is distinguished from the case sub judice in that in *Davis* the defendant was prohibited from cross-examining a witness, who had testified for the prosecution, as to his juvenile record and probation status. The court stated that once having decided to use the witness to make its case, the prosecution could not prevent the defendant from attacking his credibility by showing possible bias.